UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Case No. 1:26-cv-2587
Hon. Hala Y. Jarbou

MICHAEL JOHN NULL,
et al.,

Plaintiffs,

v.

DANA NESSEL, et al.,

Defendants.
_________________________ /

**PLAINTIFFS' MOTION TO VACATE THE FINAL JUDGMENT**
**AND FOR RELIEF FROM THE FINAL JUDGMENT**

The Plaintiffs, Michael John Null and William Grant Null, by and through their undersigned counsel, and pursuant to F.R.Civ.P. 59 and 60(b), hereby file this their Motion to Vacate the Final Judgment and for Relief from the Final Judgment, ask the Court to vacate the Judgment, reopen this case, and allow 60 days for service, and state:

1. On September 15, 2026, the Plaintiffs filed a Complaint [ECF 1] on the last day before the Statute of Limitations ran for torts pursuant to the Bivens Act and for violations of the Plaintiffs' civil rights. Ms. Lambert provided her present email address on the pleading.

2. The Plaintiff's attorney, Stefanie Lambert, did not seek Summonses at the time she filed the Complaint, and on September 16, 2026, there was an entry by the Clerk that the Summonses were not issued as to the Defendants. [No ECF Number.]

3. On September 23, 2026, the case *sub juris* was assigned to The Honorable District

Court Judge Hala Y. Jarbou. Unfortunately, Ms. Lambert had changed her email address with Pacer, which caused a change, almost universally, a couple of years prior and understood that the Court had her latest email address. However, it now appears, unbeknownst to Ms. Lambert, that the change did not reach her account in this Court. Hence, no notice of the assignment was delivered to Ms. Lambert's present address, AttorneyLambert@protonmail.com as it was being sent to her dormant address, StefanieLambert@protonmail.com.

4. On October 19, 2026, Magistrate Judge Sally J. Berens entered an Order to Show Cause which alleged that the Plaintiff failed to prosecute a proposed Summons to the Clerk's office citing the Western District's Local Rule 41 and Rule 41 F.R.Civ.P., neither of which require that a proposed Summons be presented. (ECF No. 6, PageID 35). There was a deadline of November 2, 2026, for Ms. Lambert to Respond to the Order to Show Cause.

5. In any event, Ms. Lambert, not realizing that her updating of Pacer did not update the Western District, never received the Order to Show Cause.

6. On November 19, 2026, the Court dismissed the case at bar "for want of prosecution and failure to comply with the rules and orders of this Court," and entered a Judgment which was effectively, with prejudice because the time provided by the Statute of Limitations had passed. (ECF No. 8, PageID. 37; ECF No. 9, PageID.38.)

7. November 19, 2026, was Day 65 of the case. The 90 days that F.R.Civ.P. 4(m) allows for service had 25 days left to run. No Defendant had been served.

8. Ms. Lambert apologizes to the Court for her mistake. The Plaintiffs' counsel, Stefanie Lambert Junttila, had not yet presented proposed summonses to the Clerk. (ECF No. 6, PageID.35; ECF No. 7, PageID.36.) Ms. Lambert understood that service was due by the 90th day, intended to serve the Defendants within that time, and still had time to do so.



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

9. Ms. Lambert did not know that her PACER change had not reached her account in this Court. (Ex. A, Lambert Decl. ¶¶ 3-5.) Ms. Lambert learned of the problem only when members of the news media contacted the Plaintiffs immediately after the dismissal. (Lambert Decl. ¶ 6.)

10. The Plaintiffs have retained The Ticktin Law Group, which has appeared as lead counsel and is ready to take on this case and to prosecute it without further delay. Ms. Lambert remains in the case as co-counsel, and she has corrected her e-mail address with the Court. (Lambert Decl. ¶¶ 8-9.)

11. Proposed summonses for each of the 22 named Defendants are filed with this Motion, and the Plaintiffs ask the Court to direct the Clerk to issue them under F.R.Civ.P. 4(b). (Ex. B.)

12. The Judgment should be vacated under F.R.Civ.P. 59 and 60(b), for the reasons stated in the accompanying Brief. The Judgment ended the case before the time for service had run, and it operates as an adjudication on the merits only by the default in F.R.Civ.P. 41(b). The statute of limitations on the claims arising from the Plaintiffs' prosecution ran on September 15, 2026, the day the Complaint was filed, so even a dismissal without prejudice would leave those claims time-barred. The four factors that govern a dismissal for want of prosecution do not support that result, and the neglect that caused the dismissal was excusable.

13. The Plaintiffs also ask the Court to extend, under F.R.Civ.P. 6(b)(1)(B), the Plaintiffs' time to answer the Order to Show Cause and to object to the Report and Recommendation, and to extend the time for service under F.R.Civ.P. 4(m). The Plaintiffs' Response to the Order to Show Cause is tendered with this Motion. (Ex. C.) The Plaintiffs respectfully ask for a prompt ruling so that service can go forward.



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

14. No Defendant has been served or has appeared, and no attorney has appeared for any Defendant. (ECF No. 7, PageID.36; Lambert Decl. ¶ 10.) The Plaintiffs' Certificate Regarding Motion Concurrence is filed with this Motion.

15. The Declaration of Stefanie Lambert Junttila is Exhibit A, the proposed summonses are Exhibit B, the Plaintiffs' Response to the Order to Show Cause is Exhibit C, and the order that the Plaintiffs ask the Court to enter is Exhibit D.

WHEREFORE, the Plaintiffs, Michael John Null and William Grant Null, respectfully request that this Honorable Court vacate under F.R.Civ.P. 59(e) and 60(b)(1) the Order of November 19, 2026 (ECF No. 8) and the Judgment of November 19, 2026 (ECF No. 9), and reopen this case; extend under F.R.Civ.P. 6(b)(1)(B) the Plaintiffs' time to answer the Order to Show Cause (ECF No. 6) and to object to the Report and Recommendation (ECF No. 7), accept the Plaintiffs' Response to the Order to Show Cause (Ex. C), treat this Motion and the Brief in Support as the Plaintiffs' objection, decline to adopt the Report and Recommendation, and discharge the Order to Show Cause; direct the Clerk under F.R.Civ.P. 4(b) to issue the summonses filed with this Motion (Ex. B); extend under F.R.Civ.P. 4(m) the time for service on the 22 named Defendants to 60 days from the date of the Court's order, and grant such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted this 24th day of November 2026.

*s/ David L. Perry II*
Peter Ticktin, Esquire
Florida Bar No. 887935
David L. Perry II, Esquire
Florida Bar No. 1045902
Serv512@LegalBrains.com
Serv600@LegalBrains.com

**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Telephone: (561) 232-2222
*Attorneys for the Plaintiffs, Michael John Null and William Grant Null*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Case No. 1:26-cv-2587
Hon. Hala Y. Jarbou

MICHAEL JOHN NULL,
et al.,

Plaintiffs,

v.

DANA NESSEL, et al.,

Defendants.
_________________________ /

**BRIEF IN SUPPORT OF THE PLAINTIFFS' MOTION TO VACATE THE FINAL JUDGMENT AND FOR RELIEF FROM THE FINAL JUDGMENT**

The Plaintiffs, Michael John Null and William Grant Null, by and through their undersigned counsel, hereby file this their Brief in Support of their Motion to Vacate the Final Judgment and for Relief from the Final Judgment, as follows:

## Introduction

The above styled case was dismissed 65 days after it was filed, because the attorney for the Plaintiffs failed to respond to an Order to Show Cause. Her failure to respond was due to excusable neglect in that she had changed her service address a couple of years prior, and registered her new address on Pacer, which caused an automatic change in other courts, but, unbeknownst to her, did not update her address in this Court. Moreover, the Plaintiffs would have had a viable Response to the Order to Show Cause, as no rules were breached in any way.

**Statement of Facts**

On September 15, 2026, the attorney for the Plaintiffs, Stefanie Lambert, filed the Complaint in the above styled civil rights action against 22 Defendants without presenting any proposed summonses to the Clerk of this Court. (ECF No. 1, PageID.1, 28; ECF No. 6, PageID.35.)

Although LCivR 77.3 requires the requesting party to prepare the summonses neither the Local Rules of this Court nor the Federal Rules of Civil Procedure require that the proposed summonses be provided at the time that the Complaint is filed. Ms. Lambert had not violated any rule of this Court, as she intended to serve both the summonses and the Complaint on the Defendants, and would have provided the summonses timely.

However, as a result of her failure to provide the proposed summonses, the Magistrate Judge entered an Order to Show Cause based on a perceived, but nonexistent failure to prosecute, even though there were 25 days left to serve the Defendants, of which Ms. Lambert was aware.

Ms. Lambert understood that service was due by the 90th day and she intended to serve her Complaint with Summonses within that time, of which she still had time when the case was dismissed. With this in mind, due to an emergency situation where her 10-year-old son's leg was seriously injured, she delayed service to attend numerous appointments with a several specialists, all to no avail, as the injury is yet to be fully remedied. (Lambert Decl. ¶ 3.)

The real problem, though, which caused the dismissal of the case was that the Court's notices went to an old e-mail address, StefanieLambert@protonmail.com, which no longer was watched. Ms. Lambert's PACER account listed Ms. Lambert's active email address, AttorneyLambert@protonmail.com, the address on signature block of the Complaint.

Ms. Lambert had updated her email address with Pacer when she changed it a couple of years before, and understood that the change in Pacer would universally change her address for all



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

federal courts. Unfortunately, the change did not reach her account in this Court's electronic filing system, and Ms. Lambert did not know it. (ECF No. 1, PageID.28; Lambert Decl. ¶ 4.)

As a result, Ms. Lambert saw none of this Court's service e-mails and did not receive the Order to Show Cause, the Report and Recommendation, the Order, or the Judgment. (Lambert Decl. ¶ 5.) until the case was dismissed.

Due to Ms. Lambert's excusable neglect, she was never aware that on October 19, 2026, which was day 34 of the case, Magistrate Judge Sally J. Berens ordered the Plaintiffs to show cause in writing by November 2, 2026, why the instant case should have been dismissed "as to these defendants." (ECF No. 6, PageID.35.) The Order warned that a failure to show good cause "will result in a Report and Recommendation that these defendants be dismissed." (ECF No. 6, PageID.35.)

On November 4, 2026, the Magistrate Judge understandably recommended dismissal because no response had been filed. (ECF No. 7, PageID.36.) On November 19, 2026, the Court found that the Report and Recommendation "was duly served on the parties," adopted it, dismissed the Complaint, and entered Judgment. (ECF No. 8, PageID.37; ECF No. 9, PageID.38.) That was day 65 of the case. The 90 days that F.R.Civ.P. 4(m) allows for service still had 25 days left to run.

Ms. Lambert learned of the problem only when members of the news media contacted the Plaintiffs after the dismissal. (Lambert Decl. ¶ 6.)

No summons has issued, and no Defendant has been served, appeared, or filed a paper in this case. (ECF No. 7, PageID.36; Lambert Decl. ¶ 10.)

## **Legal Standard**

A court may vacate a judgment pursuant to F.R.Civ.P. 59 based on: "(1) a clear error of



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010). A court may also relieve a party from a final judgment for excusable neglect. F.R.Civ.P. 60(b)(1).

To review a dismissal for want of prosecution, the Sixth Circuit asks four things:

1. Whether the party's failure was due to willfulness, bad faith, or fault;
2. Whether the adversary was prejudiced;
3. Whether the party was warned that a failure could lead to dismissal; and
4. Whether less drastic sanctions were imposed or considered before dismissal. *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013).

The Sixth Circuit applies the four factors "more stringently" where the lawyer (and not the client), was responsible, and dismissal "for an attorney's failure to comply" should be ordered only where there is "a clear record of delay or contumacious conduct." *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 367 (6th Cir. 1997) (internal quotation marks omitted). Dismissal is "usually inappropriate where the neglect is solely the fault of the attorney." *Carpenter*, 723 F.3d at 704 (internal quotation marks omitted).

## Argument

### The Neglect Was Excusable Neglect

The pivotal issue in the case at bar is whether Ms. Lambert's failure to inform this Court of the update to her email address is excusable neglect.

In this regard, Ms. Lambert had good reason to believe that her updating her email address on Pacer effectively updated her email address for the Western District of Michigan as it had



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

effectively updated her email address in the other courts in which she practices. (Lambert Decl. ¶ 4.)

It was not as though Ms. Lambert never bothered to change her address, at all. Her mistake was in deducing from her experience in those other courts that the change had reached this Court as well.

Moreover, all of this occurred in regard to a new action where a fatal order was rendered before she became aware that she was not receiving service.

Moreover, the signature block on the Complaint, which Ms. Lambert prepared, listed her current email address. (ECF No. 1, PageID.28.) Ms. Lambert was never aware that the change had not reached this Court. (Lambert Decl. ¶ 4.)

On November 19, 2026, Ms. Lambert told the Plaintiffs of the dismissal, and the next day the Plaintiffs retained the undersigned to be lead counsel. Lead counsel has now prepared a summons for each named Defendant and is prepared to present them to the Clerk of this Court upon the dismissal being set aside. Also, Ms. Lambert has corrected her email address with the Court. (Ex. B; Lambert Decl. ¶¶ 8-9, 11.)

For Ms. Lambert to obtain relief for her clients, based on excusable neglect, she must first show that the Plaintiffs were not culpable, and only then does the court consider prejudice and whether the Plaintiffs hold meritorious claims. *Yeschick v. Mineta*, 675 F.3d 622, 628-29 (6th Cir. 2012). As here, a procedural default has kept the court from reaching the merits of the case, the court should weigh the danger of prejudice, the length of the delay, the reason for the delay, including whether it was within the party's reasonable control, and whether the party acted in good faith. *Yeschick*, id. at 629; *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Inadvertence does not usually excuse neglect, and clients answer for the omissions of



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

their attorneys, but excusable neglect "is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer*, 507 U.S. 380, 392, 396 (1993).

In *Yeschick*, supra.. at 629-31, a lawyer's email address stopped working, and the lawyer did not update it with the court or check the docket for about six months. After summary judgment was entered unopposed, the Sixth Circuit affirmed the denial of relief, noting that parties have a continuing "duty to monitor the court's docket." *Id.* at 630.

This case differs from *Yeschick*, id. in four ways. First, the judgment in *Yeschick*, id. was a summary judgment on the merits. Here, a procedural default kept the Court from reaching the merits, which is where the *Pioneer* factors govern. *Yeschick*, id. at 629.

Secondly, the lawyer in *Yeschick* learned in another case that his email address had stopped working and still did not check the docket for more than a month. *Id.* at 630. Ms. Lambert believed that this Court had her present address and learned otherwise only after the dismissal. (Lambert Decl. ¶¶ 4, 6.) This motion is being filed 3 business days later.

Thirdly, in *Yeschick* the case was actively litigated for more than six years, where there was an expectation that the opposing party would contact the attorney. *Yeschick*, 675 F.3d at 631. Here, no Defendant was never served.

The remaining circumstances also favor the Plaintiffs. There is no danger of unfair prejudice. This Motion was filed within a few days after the Judgment. The prompt retention of the undersigned counsel, the preparation of the summonses, and the corrected address show good faith. The cause was neglect, not defiance, and the Plaintiffs meet the culpability threshold.

The last factor asks whether the party holds "a meritorious underlying claim or defense." *Yeschick*, 675 F.3d at 628 (internal quotation marks omitted). A claim or defense is meritorious if it is good at law, and likelihood of success is not the measure. *Williams v. Meyer*, 346 F.3d 607,



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

614 (6th Cir. 2003). Each count pleads at least one claim that is good at law.

First, Count I avers that FBI agents, without probable cause, caused the Plaintiffs to be arrested, detained, and prosecuted by fabricating evidence. (ECF No. 1, PageID.15-16.) The Supreme Court recognized a claim against federal agents for an unreasonable seizure. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389, 397 (1971). The federal Defendants will argue that *Egbert v. Boule*, 596 U.S. 482, 492, 495 (2022), bars extending *Bivens* to this context. However, Count I avers a seizure without probable cause, the Fourth Amendment right that *Bivens* enforced.

Secondly, Count II avers that state officers arrested the Plaintiffs without probable cause in a "conspiracy to frame" them and maliciously prosecuted them, in violation of the Fourth Amendment. (ECF No. 1, PageID.19-21, 25.) A Section 1983 plaintiff alleging Fourth Amendment malicious prosecution shows a favorable termination when, as here, the prosecution ended without a conviction. *Thompson v. Clark*, 596 U.S. 36, 49 (2022).

Thirdly, Count III avers that the Defendants acted with gross negligence by continuing charges without probable cause and by fabricating or withholding material information. (ECF No. 1, PageID.26-27.) Michigan law does not shield a governmental employee whose gross negligence is the proximate cause of an injury. Mich. Comp. Laws § 691.1407(2)(c). The Defendants may argue that a gross-negligence claim may not restate an intentional tort. *VanVorous v. Burmeister*, 262 Mich. App. 467, 483-84 (2004). However, Count III pleads conduct "so reckless as to demonstrate a substantial lack of concern for whether an injury would result." (ECF No. 1, PageID.27.)

In the alternative, if the Court finds the neglect inexcusable, F.R.Civ.P. 60(b)(6) allows relief. In *Fuller v. Quire*, 916 F.2d 358, 360-61 (6th Cir. 1990), no one appeared for the plaintiff



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

at a docket call, and the case was dismissed. The Sixth Circuit held that inexcusable neglect falls outside F.R.Civ.P. 60(b)(1), and that the district court acted within its discretion in reopening the case under F.R.Civ.P. 60(b)(6) in "the interest of justice." Here, the Plaintiffs did nothing wrong, and no Defendant has been served.

Therefore, the Plaintiffs should be relieved from the Judgment under F.R.Civ.P. 60(b).

**Ms. Lambert Would Have Been Able To Effectively Respond to the Order to Show Cause, and the Judgment Ends Claims That Cannot Be Refiled**

Had Ms. Lambert received the Order to Show Cause, she would have been able to provided an adequate Response to it. The Order faulted the Plaintiffs for not presenting proposed summonses, and when the case was dismissed on day 65, Ms. Lambert still had 25 days to prepare, present, and serve them with the Complaint. (ECF No. 6, PageID.35; ECF No. 8, PageID.37.)

On September 15, 2023, a jury acquitted both Plaintiffs of every count against them. (ECF No. 1, PageID.2.) The Complaint was filed three years later to the day, the last day before the Statute of Limitations would have run. (ECF No. 1, PageID.1.)

Pursuant to F.R.Civ.P. 4(m), the deadline for service is 90 days after the complaint is filed, which in the case at bar is December 14, 2026. Even after that day passes, F.R.Civ.P. 4(m) allows the Court to dismiss the action without prejudice or to order that service be made within a specified time. LCivR 77.3 requires the requesting party to prepare the summonses, but neither that rule nor F.R.Civ.P. 4(b) sets a deadline for doing so.

Pursuant to F.R.Civ.P. 41(b), a dismissal for failure to prosecute "operates as an adjudication on the merits" unless the dismissal order states otherwise. The local rule under which the case was dismissed allows a dismissal "with or without prejudice." W.D. Mich. LCivR 41.1.



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

None of the Report and Recommendation, the Order, or the Judgment made the choice that LCivR 41.1 permits, so F.R.Civ.P. 41(b) made it by default. (ECF No. 7, PageID.36; ECF No. 8, PageID.37; ECF No. 9, PageID.38.)

As a result, and because the Statute of Limitations has passed, the Judgment bars the Plaintiffs from bringing the same claims in this Court again, although no court has looked at them. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 506 (2001). In *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776-77 (6th Cir. 2009), a suit dismissed under F.R.Civ.P. 41(b) for lack of progress, by an order silent on prejudice, barred the later suit on the same claims.

Michigan's three-year period for personal injury governs Section 1983 claims arising in Michigan. Mich. Comp. Laws § 600.5805(2); *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005). A fabricated-evidence claim accrues when the prosecution ends in the plaintiff's favor. *McDonough v. Smith*, 588 U.S. 109, 125 (2019). A suit dismissed without prejudice is treated as if it had never been brought, so a new action filed after the limitations period has run is generally untimely. *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 27-28 (6th Cir. 1987) (per curiam). In *Bozzo v. Nanasy*, 159 F.4th 1111, 1115, 1118 (6th Cir. 2025), *cert. denied*, 224 L. Ed. 2d 852 (2026), a Section 1983 case first dismissed in this District without prejudice for lack of prosecution, the Sixth Circuit held that Michigan law "does not permit common law equitable tolling of express limitations periods."

In *Bowles v. City of Cleveland*, 129 F. App'x 239, 243 (6th Cir. 2005), the Sixth Circuit recognized that, because the limitations period had run, the district court "effectively dismissed the claim with prejudice." The Sixth Circuit affirmed because counsel, once warned, again failed to appear, and because 11 of the 12 claims could be refiled. *Id.* at 240, 245. However, the Sixth Circuit said that dismissal "should be used sparingly, particularly when the action terminates the



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

case with no chance of refiling." *Id.* at 245. This Judgment does that.

On November 19, 2026, the Plaintiffs had missed no deadline for service. However, the Judgment operates on the merits and bars their claims for good. The result would be the same if the Judgment said "without prejudice." Count II alleges a prosecution that ended in the acquittal, so the three years ran on September 15, 2026, the day the Complaint was filed. (ECF No. 1, PageID.1-2, 23, 25-26.) A new action would be untimely, and Michigan law would not toll it.

Therefore, because the claims cannot be refiled, the merits result that F.R.Civ.P. 41(b) supplied by default works a manifest injustice, and the Judgment should be vacated under F.R.Civ.P. 59.

**The Four Factors Do Not Support a Dismissal on the Merits**

Ms. Lambert missed one order, in a case 65 days old, before any Defendant was served. Neither the Order to Show Cause nor the Report and Recommendation mentions the four factors or any measure short of dismissal. (ECF No. 6, PageID.35; ECF No. 7, PageID.36.)

First, the failure was not willful and was not in bad faith. Fault requires conduct that shows "an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings." *Carpenter*, 723 F.3d at 705; *Mulbah*, 261 F.3d at 591. In *Carpenter*, 723 F.3d at 705-07, the Sixth Circuit weighed this factor "against dismissal" although the lawyer let the case sit for five and a half months. Here, Ms. Lambert's certificate shows that she intended to serve every Defendant. (ECF No. 1, PageID.29.) A lawyer who never saw the Order to Show Cause did not intend to thwart it.

Secondly, no Defendant was prejudiced. A defendant is prejudiced when the defendant is "required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Carpenter*, 723 F.3d at 707 (quoting *Harmon*, 110 F.3d at 368). No



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

Defendant has been served, so no Defendant has wasted time, money, or effort.

Thirdly, the warning never reached anyone who could act on it. (Lambert Decl. ¶¶ 5-7.) The Sixth Circuit has treated a show-cause order that warned of possible dismissal as adequate notice. *Carpenter*, 723 F.3d at 708-09. However, the purpose of a warning is to give a party the chance to comply, and a warning that no one receives gives no one that chance. Also, the Order warned only of a recommendation that "these defendants be dismissed." (ECF No. 6, PageID.35.) It did not warn that the dismissal would operate on the merits and end the Plaintiffs' claims for good.

Fourthly, less drastic measures were available. In *Carpenter*, 723 F.3d at 709, the Sixth Circuit weighed this factor against dismissal because the district court "did not impose any sanction short of dismissal." In *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643-45 (6th Cir. 2005), after a show-cause order about service, the district court dismissed without prejudice and denied relief under F.R.Civ.P. 60, and the Sixth Circuit reversed, noting that the district court did not "consider the imposition of less severe alternative sanctions before dismissing the case." In *Wu*, unlike the case *sub juris*, the plaintiff had answered the show-cause order. Here, the Court could have ordered the Plaintiffs to present summonses by a date certain or extended the time for service.

Two decisions cut the other way. In *Harmon*, 110 F.3d at 368, the Sixth Circuit, finding counsel "stubbornly disobedient and willfully contemptuous" for ignoring discovery and an order compelling it, affirmed a dismissal with prejudice entered as the first and only sanction, stating that a lesser sanction is not a precondition to affirming a dismissal. Here, one order went unanswered. In *Cowley v. Prudential Sec., Inc.*, No. 22-1760, 2023 U.S. App. LEXIS 7102, at *2-7 (6th Cir. Mar. 22, 2023) (unpublished), no party had appeared, and the Sixth Circuit counted a dismissal without prejudice as a lesser sanction although the plaintiff argued that limitations barred



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

some claims. There, counsel knew of the case and said nothing for months, and the plaintiff refiled. Here, the dismissal operates on the merits, and Ms. Lambert never knew of the Order to Show Cause.

All four factors weigh against dismissal, and the record shows no contumacious conduct. Therefore, the Plaintiffs' case should be reopened under F.R.Civ.P. 59.

**The Court May Extend the Time to Answer the Order to Show Cause and to Object**

The Plaintiffs' time to answer the Order to Show Cause expired on November 2, 2026, and their time to object to the Report and Recommendation expired on November 18, 2026. (ECF No. 6, PageID.35; ECF No. 8, PageID.37.) Ms. Lambert never received either paper. (Lambert Decl. ¶¶ 5-7.) The Plaintiffs' Response to the Order to Show Cause is tendered with the Motion. (Ex. C.)

A party has 14 days after being served with a recommended disposition to object to it. F.R.Civ.P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). Once the Judgment is vacated, the Court may, "for good cause," extend a time to act "on motion made after the time has expired if the party failed to act because of excusable neglect." F.R.Civ.P. 6(b)(1). In *Williams*, 346 F.3d at 611-17, the Sixth Circuit found excusable neglect in a missed deadline to object, vacated the judgment, and ordered the objections accepted, although there the causes were mostly beyond counsel's control.

Both deadlines passed for the same reason: Ms. Lambert failed to update this Court with her current email address, causing the Order to Show Cause to have gone unanswered, and that neglect was excusable. Under W.D. Mich. LCivR 72.3(b), the Plaintiffs object to the recommendation that this matter be dismissed "for want of prosecution and failure to comply with the rules and orders of this Court," because the Report and Recommendation did not address the four factors or any measure short of dismissal, no Defendant has been served, and the time for



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

service had not run. (ECF No. 7, PageID.36.) Also, and more important, the Response would have showed full compliance, as that would have been the instinctual first thing to have done. Moreover, it would have explained the tragedy Ms. Lambert was going through with helping her son who was, at first, unable to walk.

Therefore, the Plaintiffs ask the Court to extend under F.R.Civ.P. 6(b)(1)(B) the Plaintiffs' time to answer the Order to Show Cause and to object, to accept the tendered Response, and to treat this Motion and Brief as the Plaintiffs' objection.

**The Plaintiffs Are Ready to Serve Every Defendant**

A summons for each of the 22 named Defendants is already prepared by the undersigned. (ECF No. 1, PageID.7-8, 10-11.)

Once the case is reopened, the Clerk "must sign, seal, and issue" each properly completed summons. F.R.Civ.P. 4(b). If a plaintiff shows good cause for a failure to serve, "the court must extend the time for service for an appropriate period." F.R.Civ.P. 4(m). Even without good cause, the Court may extend the time after weighing factors that include prejudice to the defendant, whether the action would be time-barred, and the plaintiff's good faith. *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 569-70 (6th Cir. 2022). The running of the limitations period does not by itself require an extension. *Id.* at 570. However, relief "may be justified, for example, if the applicable statute of limitations would bar the refiled action." F.R.Civ.P. 4(m) advisory committee's note to 1993 amendment. Serving a federal agent sued individually also requires serving the United States. F.R.Civ.P. 4(i)(3).

Good cause exists from November 19, 2026, because the Judgment closed the case and service could not go forward. The other factors point the same way. No Defendant has been served, the tender shows good faith, and the period has run on the claims arising from the



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

prosecution. Sixty days from the Court's order would restore the 25 days that remained at dismissal and allow time for service on the United States.

Therefore, the Plaintiffs ask the Court to direct the Clerk to issue the tendered summonses and to allow the Plaintiffs 60 days for service.

**Conclusion**

This case ended within 65 days of it being filed, before the Plaintiffs' lawyer knew of the Order to Show Cause. (Lambert Decl. ¶¶ 6-7.) The Judgment operates on the merits, so unless it is set aside, their claims will never be heard.

WHEREFORE, the Plaintiffs, Michael John Null and William Grant Null, respectfully request that this Honorable Court vacate pursuant to F.R.Civ.P. 59 and 60(b) the Order of November 19, 2026 (ECF No. 8) and the Judgment of November 19, 2026 (ECF No. 9), and reopen this case; extend under F.R.Civ.P. 6(b)(1)(B) the Plaintiffs' time to answer the Order to Show Cause (ECF No. 6) and to object to the Report and Recommendation (ECF No. 7), accept the tendered Response (Ex. C), treat the Motion and this Brief as the Plaintiffs' objection, decline to adopt the Report and Recommendation, and discharge the Order to Show Cause; direct the Clerk under F.R.Civ.P. 4(b) to issue the summonses tendered with the Motion (Ex. B); extend under F.R.Civ.P. 4(m) the time for service on the 22 named Defendants to 60 days from the date of the Court's order; and grant such further and other relief as this Honorable Court may deem just and proper.



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

## CERTIFICATE OF COMPLIANCE REGARDING WORD COUNT

The undersigned certifies that this Brief in Support of the Plaintiffs' Motion to Vacate the Final Judgment and for Relief from the Final Judgment contains 4,003 words, as defined by W.D. Mich. LCivR 7.3(b)(i). The word count was generated by Microsoft Word, version 16.0.

*s/ David L. Perry II*
David L. Perry II



THE TICKTIN LAW GROUP
270 SW Natura Avenue, Deerfield Beach, Florida 33441
Telephone: (561) 232-2222

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record. No Defendant has been served or has appeared in this action.

*s/ David L. Perry II*
Peter Ticktin, Esquire
Florida Bar No. 887935
David L. Perry II, Esquire
Florida Bar No. 1045902
Serv512@LegalBrains.com
Serv600@LegalBrains.com
**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Telephone: (561) 232-2222
*Attorneys for the Plaintiffs, Michael John Null and William Grant Null*